Tawny G. LITTLE, Plaintiff-Appellant,

v.

Nancy A. BERRYHILL, Acting Commissioner Social Security, Defendant-Appellee.

No. 14-35408

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 10, 2017 Seattle, Washington

Filed May 08, 2017

Jeffrey H. Baird, Attorney, Dellert Baird Law Office, Seattle, WA, Richard A. Baum, Richard A. Baum, Attorney at Law, Bellingham, WA, for Plaintiff-Appellant

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Kerry Keefe, Esquire, DOJ-Office of the U.S. Attorney, Seattle, WA, Vikash Chhagan, Jeffrey Eric Sta-

ples, SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant-Appellee

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA,* District Judge.

## MEMORANDUM **

Tawny Little appeals the district court's judgment affirming the Administrative Law Judge's ("ALJ") determination that she was not disabled. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings before the Commissioner.

1. We review de novo the district court's decision upholding the ALJ's denial of benefits. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We review for substantial evidence the ALJ's findings of fact. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 522-23 (9th Cir. 2014). Where an ALJ's decision is supported by substantial evidence, we will set it aside if the ALJ failed to apply the proper legal standards. *Id.* at 523.

2. Little does not challenge the ALJ's findings at steps one through four of the disability sequential analysis. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(b)-(f). Little does challenge, however, the Commissioner's findings at step five that, on the basis of her age, education, disabilities, and work experience, she was able to perform work that existed in significant numbers in the national or regional economy.

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**3.** In finding at step five that Little was not disabled, the ALJ erred in two respects.

█ First, the ALJ based her decision on four occupations when in fact Little could only perform two of the four occupations. At the hearing, the vocational expert ("VE") testified that Little could perform four jobs, but conceded that two were not supported by the Dictionary of Occupational Titles ("DOT"). When a VE's testimony conflicts with the DOT, the ALJ may only accept her testimony if the record contains "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.1995)). The VE failed to provide persuasive evidence to support the deviation either at the hearing or in her follow-up letter. As to one non-DOT supported occupation, system surveillance monitor, the VE conceded that Little could not perform the occupation. As to the second occupation, selected security guard, the VE's research was unpersuasive, both because it did not match Little's physical abilities and because it did not support the numbers of jobs purportedly available in the national economy. Moreover, the Commissioner does not argue that Little could perform these two occupations. The ALJ erred in including these occupations in her determination that Little was not disabled.

█ Second, the ALJ erroneously assessed Little's age in two ways. The ALJ erroneously considered Little's age at the time of her application, rather than at the time the ALJ made her decision. A claimant's age should be considered at the time of the ALJ's decision. *See, e.g., Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071-72 (9th Cir. 2010). The ALJ also erred in failing to consider whether to place Little within a higher age bracket because Little was just five months shy of the "closely approaching advanced age" bracket. When a claimant is within "a few months of reaching an older age category," the ALJ is required to demonstrate that she considered "whether to use the older age category," which can be done by citing the claimant's age at the time the ALJ renders her decision and the applicable regulation. *Id.* at 1071-72; 20 C.F.R. § 404.1563. The ALJ erroneously failed to show that she considered placing Little in a higher age category.

**4.** The Commissioner argues that any errors by the ALJ were harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). The two errors are not harmless, particularly when viewed in concert.

█ Under harmlessness review, the job numbers error would be harmless if the occupations that Little can perform exist in significant numbers either regionally or nationally. *Gutierrez*, 740 F.3d at 523-24. Excising the occupations of system surveillance monitor and selected security guard, only 18,500 jobs existed nationally and 195 regionally. The district court correctly held that 195 jobs regionally are not significant. This court has held that whether 25,000 jobs nationally is significant is "a close call." *Id.* at 529.

The age related errors would be harmless if they did not affect the ALJ's determination that Little was not disabled. The ALJ was required to give "full consideration [ ] to all of the relevant facts" including Little's age bracket. 20 C.F.R. Pt. 404(P), App. 2, 200.00(e)(2); *see also id.* § 404.1563(b). The Commissioner conceded the harmfulness of this error when she acknowledged that the ALJ was required to consider Little's proximity to the next age bracket because the ALJ would only need to do so if it made a difference in the disability determination. *Id.* § 404.1563(b).

Reviewing these two errors for harmlessness, particularly in concert, we cannot "confidently conclude that no reasonable ALJ ... could have reached a different

disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). The ALJ should determine, in the first instance and in light of Little's age, residual functional capacity, and other relevant factors, whether Little can perform in occupations that exist in significant numbers in the national or regional economies. *Id.*

**5.** Accordingly, we reverse and remand with instructions to remand to the Commissioner so that the ALJ can determine Little's disability anew.

REVERSED and REMANDED.

